(July 21, 1988)

■ CABRINI MEDICAL CENTER et al., Appellants, v KM INSUR-

ANCE BROKERS et al., Respondents.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered March 30, 1987, which, *inter alia,* granted defendants' motions to dismiss the complaint to the extent of dismissing the first through sixth causes of action in the complaint insofar as they seek indemnification and the seventh through twenty-fourth causes of action in their entirety, unanimously reversed to the extent appealed from, on the law, and defendants' motions denied, with costs.

Defendants allegedly undertook, in 1984, to obtain medical malpractice insurance for plaintiff hospitals and their attending physicians for a period of three years at fixed premiums, which were guaranteed for three years. They failed to obtain the policies contracted and paid for and plaintiffs were forced to obtain inferior coverage elsewhere at higher rates.

In response to plaintiffs' complaint, which seeks damages and a declaration that they are entitled to indemnification for any uncovered claims that may arise, defendants moved to dismiss on grounds of prematurity and the Statute of Frauds.

Insofar as plaintiffs seek indemnification for any losses they may be required to pay in excess of the coverage of their replacement policies but less than the coverage contracted for with defendants, the court below found that at best there are only malpractice claims which *"may"* fall into the alleged gaps in the insurance coverage and that, therefore, no justiciable controversy exists. However, it appears well settled that a declaratory judgment action against insurers, including excess carriers, is permitted prior to judgment where the " 'judgments likely to be recovered' " or the " 'potential liability' " might well reach into the coverage contracted for. *(State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514, 518, *affd* 65 NY2d 369.) Under the facts alleged, dismissal for prematurity was unwarranted.

Likewise, before reaching the issue of whether the alleged agreements were "subscribed by the party to be charged", it was necessary for the court to first determine whether the purported agreements fell within the Statute of Frauds because, by their terms, they were not to be performed within one year (General Obligations Law § 5-701 [a] [1]).

Here, since the premium rates were guaranteed for three years, it was possible for plaintiffs to ascertain the full amount of the premiums and prepay such amount. Moreover, defendants' undertaking to obtain a series of insurance policies covering a period of three years would be completed when

the policies were secured. Thus, where there is any possible means of performance by both parties to an oral agreement within one year, the agreement is not barred by the Statute of Frauds. *(D & N Boening v Kirsch Beverages,* 63 NY2d 449, 455.) Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Smith, JJ.