■ LEXINGTON INSURANCE COMPANY, Appellant, v SEAVIEW RADIOLOGY, P. C., Respondent. [642 NYS2d 71] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant in three underlying lawsuits against the defendant, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), entered April 14, 1995, which

denied its motion for summary judgment, granted the defendant's cross motion for summary judgment, and declared that the plaintiff is obligated to defend and indemnify the defendant in three malpractice cases brought against it.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff insurance company contends that the three underlying lawsuits against the defendant alleged that the defendant's negligence caused or aggravated the underlying plaintiffs' susceptibility to cancer, coverage for which was excluded by the commercial general liability policy issued by the plaintiff to the defendant. Contrary to the plaintiff's contention, the three underlying lawsuits alleged, among other things, that the defendant was negligent in failing to diagnose, or in misdiagnosing, their mammograms, in failing to take proper X rays, and by failing to properly furnish the mammograms to the treating physicians (who were also named defendants in the underlying lawsuits). The underlying lawsuits did not allege that the negligence caused or aggravated the underlying plaintiffs' susceptibility to cancer. The defendant's policy covered claims "arising out of a 'Medical Incident' ", which was defined as "any act or omission in the furnishing of professional services in the performance of clinical-pathological examinations and services for diagnosing the status of health, disease or injury of human beings or animals, or the taking of x-ray pictures". Accordingly, the plaintiff is required to defend and indemnify the defendant against the three underlying lawsuits for those covered allegations. There being no issue of fact in this case, summary judgment in favor of the defendant was properly granted.

There is no merit to plaintiff's contention that the judgment requiring it to indemnify the defendant is premature (see, Cabrini Med. Ctr. v KM Ins. Brokers, 142 AD2d 529, 530; State Farm Fire & Cas. Co. v LiMauro, 103 AD2d 514, 518, affd 65 NY2d 369). Thompson, J. P., Joy, Krausman and Florio, JJ., concur.